USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __11/6/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ZURI WASHINGTON,

       Plaintiff,

   -against-            1:24-cv-00299 (ALC)

NETWORKS PRESENTATIONS, LLC, et al.,       **ORDER TO TRANSFER**

       Defendants.

------------------------------------------------------------ x

**ANDREW L. CARTER, JR., United States District Judge:**

  On March 31, 2025, this Court granted Defendants' motion to dismiss this action for improper venue, but granted Plaintiff Zuri Washington ("Plaintiff") leave to file a second amended complaint. *See* ECF No. 52. Plaintiff filed the second amended complaint on May 1, 2025. *See* ECF No. 54. On May 19, 2025, Defendants filed a letter motion for a pre-motion conference regarding an anticipated motion to dismiss for improper venue. *See* ECF No. 57. On June 10, 2025, this Court issued an order to show cause ("OSHOW") as to why this case should not be dismissed for improper venue or transferred to the District of Maryland. *See* ECF No. 59. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406(a) to the United States District Court for Maryland.

**DISCUSSION**

  Venue is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may

      otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In other words, "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

      Plaintiff's primary argument as to why this matter should not be transferred is that a substantial part of the events giving rise to her claim occurred in this District. *See* ECF No. 60 at 4. For largely the same reasons stated in our March 31, 2025 Opinion, Plaintiff's arguments are unavailing, as a substantial part of the events giving rise to her claim occurred outside of this District. *See* ECF No. 52. When the relevant acts took place, Plaintiff was in Utica (Plaintiff's hair-related claims), Philadelphia (the COVID-19 meeting and communication with her agent), and Denver (the HR meeting and termination). *See id.* Further, even though Plaintiff's employment contract was formed and signed in this District, it was largely performed outside of this district. *See id.* Plaintiff's second amended complaint replies on the argument that venue is established in this District because she believes Defendants made the decision regarding her hair plan in this District which led to the rest of her claims. *See* ECF No. 54, 60 at 9. Even if the hair decision was made in this District and was material to the rest of Plaintiff's claims, the hair decision does not form a substantial part of those the relevant acts. Accordingly, venue is improper under Section 1391(b)(2). Because only one of the four Corporate Defendants resides in New York, venue is improper under Section 1391(b)(1). Because three of the four corporate Defendants reside in Maryland and that is the location where Defendants decided to terminate Plaintiff, there is another judicial district where venue is proper. Accordingly, venue is not proper in this district under Section 1391(b)(3).

      Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons stated above, venue lies in the District of Maryland, and in the interest of justice, the Court transfers this action to the United States District Court for Maryland under 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for Maryland and terminate the pending letter motion at ECF No. 57.

**SO ORDERED.**

**Dated: November 6, 2025**
      **New York, New York**

                                               **ANDREW L. CARTER, JR.**
                                               **United States District Judge**